UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIO G.L.,[1]<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-3984-TLN-CSK<br><br>(A# 024-456-566)<br><br>**ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 7, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 11.) Respondents filed objections to the findings and recommendations. (ECF No. 12.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Respondents' objection does not alter this finding. (ECF No. 12.) As the magistrate judge detailed in her findings and recommendations, Respondents stated their intention to revoke Petitioner's release under 8 C.F.R. § 241.13 and then proceeded to violate that regulation in failing to provide the proscribed process. (ECF No. 11 at 8–9.) Specifically, Respondents did not provide the requisite informal interview giving Petitioner his only opportunity to respond to the reasons for revocation of release. (ECF No. 1 at 18; ECF No. 9.) The Court need not interrogate Respondents' reasons for revocation and whether they were sufficient or pretextual, this case is much simpler: Respondents failed to follow the proper process to revoke Petitioner's liberty and thus violated his due process rights. *See Truong v. Noem*, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 6, 2025) ("Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must be ordered.") (collecting cases).

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 11) are adopted in full.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Claims One and Four (due process and regulatory violation), and DENIED as to Claims Two and Three (third country removal).

3. Respondents are ordered to IMMEDIATELY RELEASE petitioner Cecilio G.L. (A# 024-456-566) from custody under the same conditions he was previously released in his April 17, 2014 Order of Supervision. At the time of release, Respondents must return all of Petitioner's documents and possessions and provide Petitioner with a copy of this Order. **Respondents shall file a status report within two (2) court days from the date of this Order certifying compliance with this provision.**

4. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, seven days' pre-

deprivation notice and compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures.

5. The Clerk of Court is directed to serve **California City** with a copy of this Order, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

Date: July 16, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE